UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-933-H

WILLIAM E. TAYLOR                                                        PLAINTIFF

V.

UNITED PARCEL SERVICE, INC.
and JACK ARNOLD                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on two related motions: Defendants' motion to dismiss Jack Arnold as fraudulently joined and Plaintiff's motion to remand to state court. The question which resolves each motion is whether the First Amended and Verified Complaint states a plausible claim against Arnold. As both counsel have noted, this Court has frequently considered questions concerning the fraudulent or valid joinder of individual defendants in cases proceeding primarily against a corporate defendant.

        The complaint here alleges retaliatory job actions and eventual discharge under Kentucky statutes. It describes an unusual series of events over some eight (8) years, which culminated in Plaintiff's discharge. As counsel for Plaintiff noted, UPS's corporate liability may be premised on actions by any of its employees, individually or collectively. Some of the actions which the complaint describes are attributed generally to UPS employees and other actions are attributable to specific employees. No doubt the complaint states a cause of action for retaliation against UPS. The more pertinent question is whether it states one against Arnold.

        The first 42 paragraphs of the complaint contain the specific factual allegations which

support the legal causes of action for wrongful termination, retaliation and outrage which follow.

Arnold's name is connected in two of those paragraphs. Paragraph 24(b) alleges that Taylor's co-workers and supervisors continually inquired about his lawsuit. Paragraph 33 states that "on October 26, 2007, Plaintiff was summoned to Parker's office along with Defendant Arnold . . . and was summarily discharged from his employment with Defendant UPS." Claims of individual retaliation are difficult to make because it is presumptively necessary that the individual must have knowledge of an employee's protected activity and must be directly or indirectly responsible for the alleged adverse employment action. Claims against the corporation are somewhat easier because it is not always necessary for the act and the knowledge to reside in the same person. Though the mentions are brief, the complaint does assert the two required elements: knowledge of a protected activity and a permissible inference of responsibility for the discharge.

The Court has not attempted to square the facts and outcome of this case with every other one of the close and facially similar cases. Every case stands on its own unique facts. The Court cannot vouch for its absolute consistency. The issues raised here are difficult and are subject to legitimate argument on both sides. There is a fine and not always clearly defined line between an allegation of plausible fact and an allegation of no fact at all. Here, Plaintiff appears not to have strayed into the area of a nonexistent or implausible allegation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Jack Arnold as a party defendant is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to remand to Jefferson Circuit Court is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc: Counsel of Record