UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-933-H

WILLIAM E. TAYLOR                                                                                    PLAINTIFF

V.

UNITED PARCEL SERVICE, INC. &                                                          DEFENDANTS
JACK ARNOLD

**MEMORANDUM OPINION AND ORDER**

Defendant removed this case on November 30, 2009, on the basis of diversity jurisdiction, arguing that Jack Arnold, a non-diverse defendant, was fraudulently joined. Plaintiff immediately moved to remand. On April 16, 2010, the Court entered a Memorandum Opinion and Order (DN 16) remanding the case to Jefferson Circuit Court. Plaintiff now seeks to recover his attorney fees under 28 U.S.C. § 1447(c) for securing the remand.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiff filed a lawsuit against his employer, United Parcel Service, Inc., and a supervisor, Jack Arnold, claiming that he was unlawfully terminated in retaliation for exercising a protected right. Defendant claimed that Arnold had been fraudulently joined, in essence asserting that Plaintiff did not plead sufficient facts against Arnold to state a viable claim. A liberal reading of the complaint connects Arnold to only two of the forty-two paragraphs of factual allegations.[1] Plaintiff pled significant details

---

[1] Plaintiff asserts that his complaint was similar to the complaint filed in *Hart v. Fifth Third Bank, Inc., et al.*, 2009 U.S. Dist. LEXIS 88987 (W.D. Ky. Sept. 28, 2009), where the Court remanded after finding that a non-diverse defendant had not been fraudulently joined. There, the complaint frequently asserts allegations against "Defendants," which the Court found included the non-diverse defendant. Here, on the other hand, the complaint does not make factual allegations against the generic "Defendants," but is more specific about who took what

about actions taken against him by others, but alleged little about Arnold that would give rise to liability for retaliation. In fact, the only direct allegation involving Arnold states, "on October 26, 2007, Plaintiff was summoned to Parker's office along with Defendant Arnold . . . and was summarily discharged from his employment with Defendant UPS." (Compl. ¶ 33.) From this minimal statement, the Court found that an inference could possibly be made that Arnold knew of Plaintiff's protected activity and was involved in the termination, two of the essential elements of a retaliation claim. Although that was the Court's final disposition, it was by no means a certain one.[2] Given the extremely minimal nature of the allegations against Arnold, especially when compared to the other specific details of the complaint, it was objectively reasonable for Defendants to believe that Plaintiff had failed to state a viable claim against Arnold. Thus, it was objectively reasonable to believe that Arnold was fraudulently joined and removal was proper. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees is DENIED.

cc: Counsel of Record

---

actions. Thus, the Court's analysis in *Hart* is not informative in this case.

[2] In fact, in its Memorandum Opinion, the Court noted that "[t]he issues raised here are difficult and are subject to legitimate argument on both sides." It further recognized that the "line between an allegation of plausible fact and an allegation of no fact at all" is not always clear. As the Court stated, Plaintiff's complaint only "appears not to have strayed into the area of a nonexistent or implausible allegation."